No. 984

First Circuit

---

STATE EX REL. PIERCE v. CARRUTH, JUDGE OF THE EIGHTEENTH JUDICIAL DISTRICT COURT

---

(February 8, 1932. Opinion and Decree.)

---

M. T. Hewes, of New Roads, attorney for plaintiff, applicant.

William C. Carruth, of New Roads, pro se.

BY THE COURT. William G. Pierce filed suit in the district court sitting in and for the parish of Pointe Coupee, claiming the sum of $970.71 as being due him by the Grand Bay Oil & Gas Co., Inc.

He alleges that he was first employed by Henry G. Moniotte and others, who subsequently organized the Grand Bay Oil & Gas Co., Inc., and then by the said Grand Bay Oil & Gas Co., Inc. He avers that as so employed, he began to render services by working upon the derrick and preparing to commence drilling operations on September 1, 1931, and that he was constantly so employed and actually drilling until November 22, 1931. He alleges that the Grand Bay Oil & Gas Co., Inc., was organized and duly incorporated on October 31, 1931, and that as the contract he had entered into was personal and heritable, the Grand Bay Oil & Gas Co., Inc., is liable to him for the labor and services above alleged from September 1, 1931, to November 22, 1931.

Alleging that he had a privilege on the leases, oil or gas well or wells, and on the rigs, machinery, appurtenances and appliances thereto attached, used by the Grand Bay Oil & Gas Co., Inc., for the drilling of an oil well at Grand Bay on the island of False river in the parish of Pointe Coupee, he applied to the district court sitting in that parish, for the issuance of a writ of provisional seizure to have such leases, wells, rigs, machinery, appurtenances, appliances, etc., seized and sold for the enforcement of his claim.

Honorable William C. Carruth, district judge of said court, refused to issue the writ, whereupon this court, on application properly made, issued an order commanding the district judge to show cause why the writ of provisional seizure should not be granted.

Judge Carruth has filed his answer to the order issued by this court, and a brief in support of his refusal to issue the writ of provisional seizure.

Section 1 of Act No. 171 of 1928 gives a lien or privilege on the "oil or gas well or wells, rigs, and machinery, and appurtenances and appliances thereto attached for equipment and operation of the same" to "any person or persons who shall perform any labor or service in the operation of any oil or gas well or wells in this State." Section 3 of that act gives the right to such person or persons to have the lease, well, or wells, rigs, machinery, appurtenances, etc., provisionally seized upon complying with certain formalities prescribed by the statute, for the enforcement of their lien.

It was on the provisions of that act that the plaintiff herein asked for the issuance of the writ of provisional seizure which was denied him by the district judge.

Our learned brother of the district court in his brief before this court, says "that this statute has no application whatever to the case at bar, since 'drilling for oil and gas' and rendering service 'by working upon the derrick and preparing to commence drilling operations' do not constitute 'labor or services in the operation of an oil or gas well.' ".

The petition of plaintiff before referred to, shows that he had not only commenced the preparations to drilling on September 1, 1931, but that he was thereafter constantly so employed and actually drilling until November 22, 1931. Putting up the equipment for drilling purposes, and particularly actual drilling for oil or gas, constitute, we think, "labor or service in the operation of any oil or gas well or wells' as provided for in the statute. We are of the opinion that the word "operation" as used in the act, is not intended to be restricted to an oil or gas well which is a producer. The labor rendered in erecting the derrick, and the services in actual drilling, come within the intent and meaning of the word "operation" as therein used, otherwise laborers engaged in such work, if the drilling proved a failure, would be deprived of the right to a provisional seizure to secure the payment of their services. If the provisions of the act were to apply only to producing wells, the lien would not have been limited to the equipment and appurtenances of the well, but would have been extended to the minerals as well.

The respondent judge says that plaintiff has failed to allege a cause of action, because it appears from his petition that from September 1, 1931, to October 31, 1931, he was in the employ of Moniotte and others and that during that time, the Grand Bay Oil & Gas Co., Inc., "was nonexistent, not having been organized by the said Moniotte and others until October 31, 1931."

Respondent, in thus arguing, has 'overlooked the allegation in the petition of plaintiff that "he was constantly so employed and actually drilling until November 22, 1931, that Grand Bay Oil & Gas Co., Inc., was duly incorporated October 31, 1931." This allegation shows on its face that he was actually engaged in drilling for twenty days after the Grand Bay Oil &

Gas Co., Inc., was incorporated. Conceding that respondent, before issuing the writ, should have considered the question as to whether or not a cause of action had been alleged, the averments of the petition show that at least for a portion of the claim, a cause of action was set out, and these averments embodied a principal or main demand to support a writ for the provisional seizure asked for by the plaintiff. We are of the opinion, however, that the consideration of issues of that character are properly matters of defense against the demand, and which respondent was not called upon to urge as a ground for his refusal to issue the writ.

The other grounds asserted by respondent in his brief filed to support his position, are of a similar nature or character and do not present legal grounds for his denial of the writ.

Reference is also made in the answer of respondent and in his brief, to Act No. 172 of 1928. This statute was enacted to amend Act No. 134 of 1880, and is not the statute on which this case is to be determined, as its solution depends upon a proper interpretation of Act No. 171 of 1928, which was evidently enacted to protect laborers rendering services on oil and gas wells, which of recent years has become an important industry in this state.

Considering the answer of the respondent judge insufficient, it is ordered that a peremptory writ of mandamus issue from this court ordering the Honorable William C. Carruth, judge of the Eighteenth Judicial District Court, in and for the parish of Pointe Coupee, Louisiana, to issue the writ of provisional seizure prayed for by plaintiff William G. Pierce in his petition against the Grand Bay Oil & Gas Co., Inc., copy of which is annexed to his application herein.